COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-136-CR

 

 

KENNETH WAYNE KELLER                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1] 

 

                                              ------------

Appellant Kenneth Wayne
Keller appeals his conviction for capital murder. In his sole issue, appellant
contends that the trial court committed reversible error by admitting his recorded
oral statement to police.  Specifically,
appellant argues that he was not properly admonished according to article 38.22
of the code of criminal procedure before making the statement.  See Tex.
Code Crim. Proc. Ann. art. 38.22 (Vernon 2005).








Background Facts

On August 12, 2005, Oweta
Cawood and her common law husband, Jeff Anderson, were at home when appellant,
their neighbor, stopped by for a visit to show Anderson his sawed-off
shotgun.  Cawood testified that appellant
was Aalways bringing something over odd . . . to show Jeff.@  Cawood was in the kitchen when
she heard a gunshot.  She turned and saw
appellant shoot Anderson a second time. 
Appellant then turned and shot Cawood twice.[4 RR 48-9] Cawood=s friend Michelle Ek, who was living with Cawood and Anderson, ran
outside through the front door, and appellant followed her.  While appellant chased Ek, Cawood ran through
the bedroom and escaped out of the bathroom window.  As Cawood hid in an abandoned car in the
backyard, she heard more gunshots from the front yard.  Appellant searched for Cawood, but after
about twenty minutes he gave up and drove off.

As soon as appellant left,
Cawood ran to the road in front of her house and flagged down two men, who
called the police.  Police later found
appellant at his home and arrested him.








A grand jury indicted
appellant for capital murder for killing Anderson and Ek.  At trial, appellant objected to the admission
of a recorded statement that he made to police while in custody after he was
arrested because he was not properly admonished under article 38.22 of the code
of criminal procedure.  The relevant
portions of the recording are as follows: 

[Ranger
Tracy Murphree]:      You=re
Kenneth Keller?

 

[Appellant]:                 Yes, sir.

 

[Ranger Murphree]:              Correct? Okay.  Kenneth, I know I=ve                                       read
you your rights out at the scene.  I=d
like to read them to you again, okay?

 

[Appellant]:                 I=m
sorry?

 

[Ranger Murphree]:              I=m
going to read you your rights again just to make sure you understand them,
okay? 

 

[Appellant]:                 I understand them.

 

[Ranger
Murphree]:              Okay.

 

[Appellant]:                 He read them pretty thoroughly
yeah.

 

[Ranger Murphree]:              Let me read them one more time to                                         you,
okay?

 

[Appellant]:                 Okay, yeah, no problem.

 








[Ranger Murphree]:              You have the right to remain
silent and not                                       make any statement at
all.  Any statement you make may be used
against you in court.  You have the right
to have an attorney present during any questioning.  If you cannot afford an attorney, one will be
appointed to you without cost.  And you
have the right to terminate this interview at any time.  Do you understand those rights?

 

[Appellant]:                 Yes, sir.

 

[Ranger Murphree]:              Okay, with those rights in mind,
do                                         you wish to talk to me now?

 

[Appellant]:                 Um, yeah, yeah. Well I don=t, I
don=t                                        know I don=t I don=t
understand what=s
going on.

 

[Ranger
Murphree]:              Okay.

 

[Appellant]:                 Do I need an attorney?

 

[Ranger Murphree]:              It=s
entirely up to you.  I mean I can=t                                       give
you any advice on that one way or another.

 

[Appellant]:                 I mean what what would that
consist                                      of?  Would we call him and him come up here and?

 

[Ranger Murphree]:              Well, you know you have the right
to                                      [have]
an attorney be present during any questioning. If you can=t
afford one, one will be appointed for you. 
And I can=t
make that decision for you.  That is a
decision you have to make.

 

[Appellant]:                 I=m
just freaking out.

 

[Ranger
Murphree]:              I understand.

 

[Appellant]:                 I=m
just freaking out. I have no idea                                         what=s
going on.

 








[Ranger
Murphree]:              Okay.

 

. . . .

 

[Ranger Murphree]:              We=d
just like to talk to you about an                                       incident that happened
if you want to talk to us, I=d like to talk to you about
it.

 

[Appellant]:                 I don=t have a problem with that. 

The trial court overruled
appellant=s objections
to the admission of the statement.  A
jury found appellant guilty of capital murder, and the trial court assessed
punishment at life imprisonment. 
Appellant timely filed this appeal.

Applicable Law and Analysis

The relevant portions of
article 38.22 of the Texas Code of Criminal Procedure provide that no oral
statement of an accused made as a result of a custodial interrogation shall be
admissible against the accused in a criminal proceeding, unless prior to the
statement but during the recording, the accused is given the required statutory
warnings, and the accused knowingly, intelligently, and voluntarily waives any
rights set out in the warning.  Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a).  The statutory
warnings include the following:

(1)
he [the accused] has the right to remain silent and not make any statement at
all and that any statement the accused makes may be used against him at trial;

 








(2)
any statement he makes may be used as evidence against him in court;

 

(3)
he has the right to have a lawyer present to advise him prior to and during any
questioning;

 

(4)
if he is unable to employ a lawyer, he has the right to have a lawyer appointed
to advise him prior to and during any questioning; and

 

(5)
he has the right to terminate the interview at any time.

 

Id.

Appellant argues that
although he was warned that any statement he made may be used against him in court,
Ranger Murphree failed to advise him that the statement could be used against
him at trial; thus, the warning was insufficient.  See id. ' 2(a)(1), (2).  However,
under section 3(e)(2) of the statute, a statement satisfies the requirements of
article 38.22 if the Aaccused was
given the warning in Subsection (a) of Section 2 . . . or its fully
effective equivalent.@  Id. ' 3(e)(2) (emphasis added); Bible v. State, 162 S.W.3d 234,
240 (Tex. Crim. App. 2005).  Therefore,
if the warnings given by Ranger Murphree were the Afully effective equivalent@ of the warnings outlined in section 2(a), then article 38.22 does not
bar admission of the statements.  Tex. Code Crim. Proc. Ann. art. 38.22; Bible,
162 S.W.3d at 240.  








The Texas Court of Criminal
Appeals has previously held that the two warnings at issue in this case Aappear to largely overlap and, in fact, >court= is the
broader term, and is reasonably understood to include the term >trial.=@ Bible, 162 S.W.3d at 241. 
Here, Ranger Murphree informed appellant that he had the right to remain
silent or not to make any statement, that any statement he made could be used
against him in court, that he had a right to have an attorney present or
appointed, and that he had the right to terminate the interview at any
time.  Appellant stated that he
understood his rights and chose to talk to Ranger Murphree.  Furthermore, appellant acknowledged that he
had already been given the warnings once before.  We hold that Ranger Murphree=s admonishments were the fully effective equivalents of the
admonishments listed in article 38.22, section 2(a), and, thus the trial court
properly determined that appellant=s statements were not barred by article 38.22.   See Tex.
Code Crim. Proc. Ann. art. 38.22, ' 3(e)(2); Bible, 162 S.W.3d at 241.  Thus, we overrule appellant=s sole issue.

 

 

 

 

 

 

 








Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON, HOLMAN,
and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 15, 2008











[1]See Tex. R. App. P. 47.4.